# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| NITRIDE SOLUTIONS, INC. | ) | Case No. 21-10533 |
| | ) | Chapter 11 |
| Debtor | ) | |
| | ) | |

## MOTION FOR ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL AND PROVIDING ADEQUATE PROTECTION

COME NOW Debtor Nitride Solutions, Inc. ("Debtor"), by and through its counsel Mark J. Lazzo, P.A., and moves the Court, pursuant to 11 U.S.C. §363(c), for entry of an order authorizing the Debtor to use cash collateral and provide adequate protection (the "Motion"). In support of the Motion, the Debtor states the following:

1. On June 9, 2021 ("Petition Date"), the Debtor filed a Voluntary Petition for Relief under Chapter 11 the Bankruptcy Code. Pursuant to 11 U.S.C. §§ 1107 and 1108, Debtor is now the debtor-in-possession.

2. This Motion is brought pursuant to 11 U.S.C. §§ 363(c)(1) and (2), 363(e) and 361. Specifically, 11 U.S.C. § 363(c)(1) provides that if the business of the Debtor is authorized to be operated under Bankruptcy Code § 1108, unless the Court orders otherwise, the trustee (and the debtor exercising the powers of a trustee under § 1107) may enter into transactions, including the sale or lease of property of the estate, and may use property of the estate, in the ordinary course of business, without notice or a hearing. Additionally, 11 U.S.C. § 363(c)(2) provides that the trustee may not use, sell or lease cash collateral under subparagraph (c)(1) unless each entity that has an interest in such cash collateral consents or unless the court, after notice and a hearing, authorizes such use, sale or lease in accordance with the provisions of § 363.

3. 11 U.S.C. § 363(e) provides that on request of an entity that has an interest in property used, sold or leased or proposed to be used, sold or leased by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale or lease as is necessary to provide adequate protection of such interest. 11 U.S.C. § 361 provides that when adequate protection of an interest of an entity in property is required under §§ 362, 363 or 364, "such adequate protection may be provided by-- (1) requiring . . . a cash payment or periodic cash payments to such entity, to the extent that . . . the use, sale or lease under section 363 of this title . . . results in a decrease in the value of such entity's interest in such property; or (2) providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease or grant results in a decrease in the value of such entity's interest in such property; or (3) granting such other relief . . . as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property."

4. Debtor owns and runs a manufacturing operation headquartered in Wichita, Kansas.

5. Debtor owns accounts receivable valued at approximately $10,810 and bank accounts with a balance of approximately $57,671. There is a consensual lien against the accounts receivable and bank accounts granted to Nelnet, Inc., a Nebraska corporation ("Nelnet"), as the collateral agent for lenders to the Company under 2017 Secured Convertible Promissory Notes in the original aggregate amount of $2,750,000 (the "Indebtedness")[1].

6. The Indebtedness owed by Nitride to Nelnet is still outstanding. The Indebtedness is secured by all assets of Nitride, including all of its deposit accounts and accounts receivable.

---

[1] In addition to the consensual lien granted to Nelnet against Debtor's accounts receivable and bank accounts, there are consensual liens granted to: (a) holders of 2020 Secured Convertible Promissory Notes; and (b) the U.S. Small Business Administration. However, these liens are junior and inferior to the liens of Nelnet. Moreover, there is no equity in the accounts receivable and bank accounts above the claims of Nelnet.

7. The accounts receivable and bank accounts are Nelnet's collateral ("the Cash Collateral").

8. Debtor seeks authority to use Cash Collateral generated by the Debtor prior to the Petition Date and encumbered by the consensual lien of Nelnet, as well as income generated by the Debtor from and after the Petition Date and received by the Debtor during the Specified Period (as defined below) in a manner consistent with the Debtor's budget attached hereto as Exhibit 1 ("the Budget"). The Debtor proposes to deposit the Cash Collateral into the Debtor's debtor-in-possession account.

9. The Debtor does not have available sources of working capital and financing to carry on its operations without the use of Cash Collateral. The Debtor requires the use of Cash Collateral to continue to operate. The use of Cash Collateral is critical to preserve and maintain the going concern value of the Debtor.

10. The use of Cash Collateral is required for the maintenance and preservation of the Debtor's property, its manufacturing operations, the payment of expenses attendant thereto, and the costs and expenses of administering this case. The Debtor hereby requests the authority to use Cash Collateral for general operating purposes and to pay the costs and expenses of administering this case, all in compliance with the Budget. All payments described in the Budget are necessary to maintain and continue the Debtor's operations and preserve the going concern value for the benefit of his creditors. Without cash to make the payments outlined in the Budget as requested herein, immediate and irreparable harm could occur to the Debtor's operation and the interest of the Debtor, its estate and creditors.

11. Debtor proposes as adequate protection to Nelnet a replacement lien in post-petition accounts receivable generated by Debtor to the extent of Debtor's use of the Cash Collateral.

12. Below is a summary of the nature of the Debtor's request and proposed use of Cash Collateral:

   a. <u>Parties with Interest in Cash Collateral</u>. Nelnet has an interest in the Cash Collateral, as well as Debtor's equipment, accounts, intellectual property and personal property of the Estate (collectively the "Collateral"). Nelnet's interest in the Cash Collateral is senior to all other interests.

   b. <u>Use of Cash Collateral</u>. The Debtor seeks authority to use Cash Collateral to pay expenses of its manufacturing operation and administrative expenses in accordance with the Budget, up to amounts not to exceed 125% of each line item amount set forth in the Budget measured monthly, with a variance of up to two months for each monthly expense. The cumulative total amount set forth in the Budget shall not be subject to variance, except: (a) on account of moving an expense forward or backward by the two month variance, in which case the monthly expense cap shall be considered cumulatively among the affected months; (b) by agreement of both Nelnet and Debtor; or (c) as may be otherwise ordered by the Court.

   c. <u>Termination Date</u>. Debtor seeks interim authority to use Cash Collateral only until a final hearing can be held. Thereafter, and subject to the Debtor's right to request additional cash collateral authority for further periods on proper notice, the Debtor seeks authority to use Cash Collateral through September 30, 2021 (the "Specified Period"). The Specified Period may be extended by agreement of the Debtor and Nelnet upon further order of the Court. It is anticipated that Nelnet is adequately protected during the Specified Period.

WHEREFORE Debtor respectfully requests the Court enter an Order authorizing the use of cash collateral and granting adequate protection as set forth above, and for such other relief as the Court deems just and proper.

Respectfully submitted,


/s/Mark J. Lazzo
Mark J. Lazzo, #12790
MARK J. LAZZO, P.A.
3500 N. Rock Road
Bldg. 300, Suite B
Wichita, Kansas  67226
(316) 263-6895
mark@lazzolaw.com
Attorney for Debtor Nitride Solutions, Inc.

5
Case 21-10533   Doc# 5   Filed 06/09/21   Page 5 of 7

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

IN RE: )
)
NITRIDE SOLUTIONS, INC. ) Case No. 21-10533
) Chapter 11
Debtor )
_____)

**EXHIBIT 1**

**DEBTOR'S PROPOSED BUDGET FOR MOTION AUTHORIZING USE OF CASH COLLATERAL AND PROVIDING ADEQUATE PROTECTION TO NELNET, INC.**

COMES NOW Debtor Nitride Solutions, Inc. (the "Debtor") and submits this monthly Budget for the payment of monthly operating expenses and administrative costs (the "Budget") as part of its Motion for an Order Authorizing Use of Cash Collateral and Providing Adequate Protection to Nelnet, Inc. (the "Motion"):

|  | Month 1 | Month 2 | Month 3 | Month 4 |
|---|---|---|---|---|
| Cost of goods | $24,500 | $40,000 | $42,500 | $42,500 |
| Contractors | $8,500 | $8,500 | $8,500 | $8,500 |
| Shipping | $500 | $500 | $500 | $500 |
| Payroll & Benefits | $49,385 | $49,385 | $69,110 | $69,110 |
| Accounting & Patent | $12,300 | $6,000 | $12,000 | $12,000 |
| Utilities | $8,220 | $10,300 | $10,300 | $10,300 |
| Rent | $8,270 | $8,270 | $8,270 | $8,270 |
| Insurance | $2,039 | $14,074 | $2,039 | $2,039 |
| Lease expense | $3,000 | $3,000 | $3,000 | $3,000 |
| Legal expense | $25,000 | $25,000 | $25,000 | $25,000 |
| Reserve | $5,000 | $5,000 | $5,000 | $5,000 |
| TOTAL | $147,164 | $170,479 | $186,219 | $186,219 |

Respectfully submitted,

/s/Mark J. Lazzo
Mark J. Lazzo, #12790
MARK J. LAZZO, P.A.
3500 N. Rock Road
Building 300, Suite B
Wichita, Kansas 67226
(316) 263-6895
Attorney for Debtor Nitride Solutions, Inc

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was filed electronically on the 9th day of June, 2021, with the United States Bankruptcy Court for the District of Kansas, and shall be served on parties in interest via e-mail by the Court pursuant to CM/ECF, as set out on the Notice of Electronic Filing as issued by the Court and shall be served on the following by United States mail, First Class, postage prepaid as required by the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the District of Kansas:

/s/Elizabeth Velazquez
Elizabeth Velazquez
Legal assistant to Mark J. Lazzo